UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LENARD MCKINNEY,

        Plaintiff,

   v.

J. LUTSEY, S. STAEVEN,
B. BLAIR, C. BAIER, M. ALSTEEN,
and R. LARSON,

        Defendants.

Case No: 19-cv-1153-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), AND SCREENING COMPLAINT**

---

Plaintiff Lenard McKinney, an inmate at the Green Bay Correctional Institution who is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when they were deliberately indifferent to the plaintiff's medical needs by failing, for over seven months, to address the pain caused by his ill-fitting prosthesis. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay

the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 19, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $50.41 by September 9, 2019. Dkt. No. 5. On September 11, 2019, the court received that fee. (And on February 3, 2020, the court received the remainder of the filing fee; the fee now has been paid in full.) The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

3

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of that right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Complaint

The plaintiff alleges that various employees from the Health Services Unit (HSU) at Green Bay Correctional Institution failed to address his ill-fitting prosthesis and the pain it caused. Dkt. No. 1 at 1-2. The plaintiff states that on November 12, 2018, he was seen in the HSU by defendant B. Blair about sores and nerve pain he was having as a result of his prosthesis not fitting correctly. Id. at 2. He says that he was asked a few questions, but that nothing was done. Id. Two days later, the plaintiff was seen in the HSU by defendant S. Staeven regarding the pain resulting from the improperly-fitting prosthesis. Id. He says that nothing was done during this visit, either, so on November 26, he filed another HSU request and was "referred to MPAA[1] by the defendant but the

---

[1] The plaintiff does not define this term.

issue was never resolved." Id.

The plaintiff alleges that on December 10, 2018, he received an HSU request response from defendant C. Baier, indicating that the plaintiff "was to be seen in HSU by the ACP."[2] Id. On January 17, 2019, the plaintiff "was sent back yet another request response" from B. Blair, saying the same thing that Baier had said. Id. at 3. The plaintiff asserts that a few months later, on April 27, 2019, defendant R. Larson sent the plaintiff a request response indicating that the plaintiff was to see nursing staff about the pain and the ill-fitting prosthesis on April 29, 2019. Id. The plaintiff alleges that "at [that] time nothing was done about the ill-fitting prosthesis." Id.

The plaintiff says that on May 3, defendant S. Staeven sent the plaintiff a request response stating that the plaintiff was to continue medication he was already prescribed, which the plaintiff states "was nothing more than Tylenol." Id. The plaintiff contends that it did nothing for the sores or the nerve pain, which were causing spasms in his amputated leg. Id. The plaintiff says that he was scheduled to see the nursing staff again the following week. Id.

The plaintiff says that he complained again about his pain and sores on May 11, 2019, "but was only placed on the schedule to see nursing staff again on 5-14-19." Id.

The plaintiff alleges that on all the above dates, he was seen by the defendants he named and defendant M. Alsteen about the sores and the nerve pain, but that he was only given bandages for the sores and never was put on the list to see a doctor. Id.

The plaintiff alleges that "around the 20th of April and Janua[]ry of 2019"

---

[2] The plaintiff does not define this term.

5

he was "sent out to Nova Care," and his prosthesis was adjusted. Id. He asserts that at no time was he ever fitted for a new prosthesis and that he continued to have nerve pain and pain from the sores. Id.

The plaintiff reports that in May 2019, he filed a complaint with the Inmate Complaint Examiner about the ill-fitting prosthesis, but the complaint was denied on May 2, 2019 "by the ICE person." Id. He says that on May 14, 2019, he filed an appeal to the Corrections Complaint Examiner "letting it be known that [he had] been dealing with this issue for almost 7 months and that the only thing that was done was that the prosthesis was adjusted but that [he] continued to suffer from sores and nerve pains." Id. The plaintiff says that the appeal was dismissed on May 24, 2019 by the complaint examiner. Id.

The plaintiff avers that it was not until June 27, 2019 that he was finally seen by Nova Care and fitted for a new prosthesis. Id. He says, however, that "due to the prolonged time that [he] was left in the previous ill-fitting prosthetic [he] still ha[s] constant nerve pains which are only [e]nhanced by the fact that [he is] a diabetic." Id.

The plaintiff seeks $100,000 in compensatory damages and a court order requiring HSU staff "to properly treat and care for inmates when a layperson can see that there is a serious medical need." Id. at 4.

C. Analysis

The plaintiff claims that all the defendants—J. Lutsey, HSM; S. Staeven, RN; B. Blair, RN; C. Baier, RN; M. Alsteen, RN; and R. Larson, RN—violated his Eighth Amendment rights when they failed to address the related pain, sores and spasms caused by his ill-fitting prosthesis over seven months, and consequently delayed his receipt of a new prosthesis by that amount of time. "The Eighth Amendment safeguards the prisoner against a lack of medical

6

care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009); Estelle v. Gamble, 429 U.S. 97, 103 (1976)). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." Id. (citing Estelle, 429 U.S. at 104). A plaintiff claiming that prison officials were deliberately indifferent to his serious medical needs "must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." Id. (citing Johnson v. Synder, 444 F.3d 579, 584 (7th Cir. 2006); Roe v. Elyea, 631 F.2d 843, 857 (7th Cir. 2011)).

"A 'serious medical need' is a condition that a doctor has recognized as needing treatment, or a condition so obvious that even a lay person would recognize the need for medical treatment." Schmidt v. Bowens, No. 16-cv-30-slc, 2018 WL 708391 at *2 (W.D. Wis. 2018) (quoting Johnson, 444 F.3d at 584-85).

> A medical need may be serious if (1) it is life-threatening, carries risks of permanent serious impairment if left untreated or results in needless pain and suffering, *Guttierez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997); or (2) it "significantly affects an individual's daily activities," *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998); or (3) it otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer [v. Brennan]*, 511 U.S. [825] at 847 [(1994)].

Id. At least one court has found that issues with a prosthesis that causes pain and sores that persist over several months constitute a "serious medical need," and this court will assume as much for the purposes of screening the plaintiff's complaint. See Beasley v. Hairrs, No. 10-cv-587-JPG, 2011 WL 766980 at * 4 (S.D. Ill. Feb 25, 2011).

7

To state a claim for deliberate indifference, the plaintiff must allege that the defendants knew about the serious medical condition and the risk it imposed but disregarded or ignored that risk. Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). The plaintiff details the timeline and specifically alleges that all defendants except J. Lutsey examined him and heard his complaints but did nothing about his prosthesis, pain and sores for over seven months. The court will allow the plaintiff to proceed on a claim of deliberate indifference against all the named defendants except Lutsey. While the plaintiff listed Lutsey in the caption of the complaint and described him/her as a citizen of Wisconsin who worked at Green Bay Correctional, he made no allegations against Lutsey in the body of the complaint. Regarding Lutsey, the plaintiff has not pled "factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 566 U.S. at 678 (citing Twombly, 550 U.S. at 556). The court will dismiss Lutsey as a defendant.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant J. Lutsey.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants S. Staeven, B. Blair, C. Baier, M. Alsteen and R. Larson. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court will issue a separate order **REFERRING** this case to Magistrate

8

Judge Stephen C. Dries for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 19th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**