UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LENARD MCKINNEY,

        Plaintiff,

  v.

                        Case No. 19-cv-1153-pp

SARAH STAEVEN, BRITTANEY BLAIR,
CASSANDRA BAIER, MARY ALSTEEN,
and RACHEL MATUSHAK,

        Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 16.)

      Plaintiff Lenard McKinney, a Wisconsin state prisoner who is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that the defendants were deliberately indifferent to his serious medical need by failing, for over seven months, to address the pain caused by the plaintiff's ill-fitting prosthesis. Dkt. No. 9 at 5-7. The plaintiff has filed a motion to appoint counsel. Dkt. No. 16.

      In support of the motion, the plaintiff states that he has written letters to three lawyers to try to find one on his own. Id. He says that he has only a grammar school education, that he has a learning disability and that he has limited access to the prisoner who helped him draft his motion. Id. The plaintiff

1

also states that his claim involves medical issues that may require persons with knowledge in the field, that it will require discovery (including the deposition of witnesses) and that he does not have the ability to locate and depose medical staff. Dkt. No. 17-1.

In a civil case the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019) (quoting Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically,

exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

The plaintiff states that he contacted three lawyers, but he has not included the names of the lawyers he contacted, explained how and when he contacted them and or included the lawyers' responses. The plaintiff has not shown that he made a reasonable attempt to find lawyer on his own. Even if the plaintiff had made a reasonable attempt to find a lawyer on his own, the court would not appoint counsel at this time. The plaintiff indicates that he has only a grammar school education and has a learning disability. The documents the plaintiff has filed thus far do not reflect any issues with his writing or reasoning. Perhaps that is because the plaintiff has someone in another institution—another inmate—who is helping him. The plaintiff says that he has "limited access" to that other inmate. The court understands that relying on another inmate can slow down the litigation process. If, because of his limited access to the other inmate, the plaintiff needs more time to do certain things, he needs only to file a motion (in time for the court to receive it before the deadline) and ask for more time.

The plaintiff indicates that the medical issues in his case are too complex for a person with only a grammar school education and who has a learning disability. The next step in the lawsuit is for the parties to conduct "discovery. The deadline for completing discovery is May 17, 2021. That means that the plaintiff needs only to ask the defendants for information about the case, and respond to the defendants' requests that he provide information to them. The plaintiff can ask questions of the defendants. He can ask them for documents. He does not need to do complicated legal research or understand complicated medical issues to request information about what steps the defendants took to address his pain during the seven months that he asserts they delayed getting him fitted for a new prosthesis. The plaintiff basically has alleged that the defendants ignored his complaints of pain and sores for seven months. He can ask for prison medical records and look at them to determine whether they substantiate that claim.

The plaintiff says that he does not have the ability to locate and depose medical staff. But he *does* have the ability to write down the questions he would like to ask the medical staff and serve those questions on the lawyers for the defendants. These kind of questions are called "interrogatories." The plaintiff says the case will require discovery of documents. He may obtain those documents simply by making written requests for them to the defendants' lawyer. Such written requests are called "requests for production of documents."

The court will deny without prejudice the plaintiff's motion to appoint counsel. That means that if, as the case goes along, the plaintiff reaches a point where he (with the help of the inmate at the other institution) cannot manage the case on his own, he can renew his request for appointed counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Docket No. 16.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**