UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LENARD MCKINNEY,

                Plaintiff,

v.                                         Case No. 19-cv-1153-pp

SARAH STAEVEN, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJDUICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 22)**

      Plaintiff Lenard McKinney, a Wisconsin state prisoner who is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that the defendants were deliberately indifferent to his serious medical need by failing, for over seven months, to address the pain caused by the plaintiff's ill-fitting prosthesis. Dkt. No. 9 at 5-7. The plaintiff has filed his second motion to appoint counsel. Dkt. No. 22.

      In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. <u>Navejar v. Iyola</u>, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); <u>Ray v. Wexford Health Sources, Inc.</u>, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too

1

many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chicago Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds

2

the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

On February 3, 2021, the court denied without prejudice the plaintiff's first motion to appoint counsel. Dkt. No. 18. The court determined that the plaintiff had not shown that he made a reasonable attempt to find a lawyer on his own because he had not included the names of the three lawyers he said he had contacted, explained how and when he contacted them or included the lawyers' responses. Id. at 3. The court also determined that, even if the plaintiff had made a reasonable attempt to find a lawyer, it would not have appointed counsel at that time because, despite the plaintiff's assertions that he has only a grammar school education and a learning disability, the documents the plaintiff had filed did not reflect any issues with his writing or reasoning. Id. at 3. The court stated that

> [p]erhaps that is because the plaintiff has someone in another institution—another inmate—who is helping him. The plaintiff says that he has "limited access" to that other inmate. The court understands that relying on another inmate can slow down the

3

> litigation process. If, because of his limited access to the other inmate, the plaintiff needs more time to do certain things, he needs only to file a motion (in time for the court to receive it before the deadline) and ask for more time.
>
> The plaintiff indicates that the medical issues in his case are too complex for a person with only a grammar school education and who has a learning disability. The next step in the lawsuit is for the parties to conduct "discovery. The deadline for completing discovery is May 17, 2021. That means that the plaintiff needs only to ask the defendants for information about the case, and respond to the defendants' requests that he provide information to them. The plaintiff can ask questions of the defendants. He can ask them for documents. He does not need to do complicated legal research or understand complicated medical issues to request information about what steps the defendants took to address his pain during the seven months that he asserts they delayed getting him fitted for a new prosthesis. The plaintiff basically has alleged that the defendants ignored his complaints of pain and sores for seven months. He can ask for prison medical records and look at them to determine whether they substantiate that claim.
>
> The plaintiff says that he does not have the ability to locate and depose medical staff. But he does have the ability to write down the questions he would like to ask the medical staff and serve those questions on the lawyers for the defendants. These kind of questions are called "interrogatories." The plaintiff says the case will require discovery of documents. He may obtain those documents simply by making written requests for them to the defendants' lawyer. Such written requests are called "requests for production of documents."

Id. at 3-4. The court concluded if the plaintiff reached a point where he could not manage the case on his own, he could renew his request for counsel. Id. at 5.

The court issued that order on February 3, 2021. The court received the plaintiff's renewed motion just over a month later, on March 18, 2021. Dkt. No. 22. The renewed motion is almost identical to his first motion, except that the plaintiff attached exhibits which demonstrate that he made a reasonable attempt to find a lawyer on his own. Dkt. No. 22-1. But the plaintiff does not

4

address the question of why, at this stage, the case is too complex for him to handle himself. Since filing his first motion to appoint counsel, the plaintiff has filed a letter regarding payment of the filing fee, dkt. no. 19, as well as "discovery documents" and thirty-pages of exhibits that he says show that he followed the chain of command in the prison and submitted the proper forms to prison staff members before filing this case, dkt. no. 20, 20-1. The plaintiff also has filed a declaration requesting additional relief from the defendants ($700,000 in compensatory damages) and making a jury demand. Dkt. No. 21.

The plaintiff's filings continue to demonstrate that he is capable of representing himself at this time. The court acknowledges that it should make that decision based on *the plaintiff's* capabilities, and not on the basis of the ability of a jailhouse lawyer (if he is getting help from a jailhouse lawyer). See Eagan, 987 F.3d at 682 ("The court must examine specifically the plaintiff's ability to litigate the case, as opposed to the ability of any 'jailhouse lawyer' assisting the plaintiff.") (citations omitted). But while the plaintiff says he gets help from another inmate to whom he has limited access, dkt. no. 22 at ¶4, it also appears that he fares well on his own. For example, the plaintiff says that he wrote letters to three lawyers requesting assistance. Dkt. No. 22 at 2. The hand-written letters, attached to his second motion to appoint counsel, are well-written and descriptive of the plaintiff's claims. Dkt. No. 22-1 at 2-6. Given the plaintiff's apparent abilities, he should be capable of participating in discovery and responding to a dispositive motion on his own.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 22.

Dated in Milwaukee, Wisconsin this 26th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**