UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LENARD MCKINNEY,

                      Plaintiff,

v.                                                 Case No. 19-cv-1153-pp

SARAH STAEVEN, BRITTANEY BLAIR,
CASSANDRA BAIER, MARY ALSTEEN,
and RACHEL MATUSHAK,

                      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT
(DKT. NO. 28)**

      Plaintiff Lenard McKinney, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that the defendants were deliberately indifferent to his serious medical need by failing, for over seven months, to address the pain caused by the plaintiff's ill-fitting prosthesis. Dkt. No. 9 at 5-7. Almost two years later, after the court had issued a scheduling order and extended the dates in it, the plaintiff has filed a "motion for amendment." Dkt. No. 28.

      The one-page motion states that the plaintiff wants to add Green Bay Correctional Institution Warden M. Haese and Novacare Company as defendants "for not properly treating inmates." Dkt. No. 28. The plaintiff has

1

not filed a proposed amended complaint, as required by this court's local rules. See Civil Local Rule 15(b) (E.D. Wis.) ("A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.").

Even if the plaintiff had complied with the local rules and filed a proposed amended complaint, he has not alleged that either the warden or Novacare Company had any personal involvement in the events that gave rise to his civil rights claim. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For liability to attach, the individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003).

The court will deny the plaintiff's motion to amend.

The court **DENIES** the plaintiff's motion to amend his complaint. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 13th day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**