UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LENARD MCKINNEY,

                    Plaintiff,

        v.                                          Case No. 19-cv-1153-pp

SARAH STAEVEN, BRITTANEY BLAIR,
CASSANDRA BAIER, MARY ALSTEEN,
and RACHEL MATUSHAK,

                    Defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 32) AND DISMISSING CASE

Plaintiff Lenard McKinney, who is confined at the Racine Correctional Institution, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that the defendants (all employed at Green Bay Correctional Institution, where the plaintiff was confined during the relevant period) were deliberately indifferent to his serious medical need by failing, for over seven months, to address the pain caused by the plaintiff's ill-fitting prosthesis. Dkt. No. 9 at 5-7. The defendants have filed a motion for summary judgment arguing that the court should grant summary judgment in their favor because there is no record evidence that they treated the plaintiff inappropriately or provided him insufficient medical care. Dkt. Nos. 32, 33 at 1.

On September 21, 2021, the court ordered the plaintiff to file his response to the defendants' motion by October 18, 2021. Dkt. No. 39. The court advised the plaintiff that if it did not receive his response by the deadline,

1

the court had the authority to treat the defendants' motion as unopposed, accept all facts asserted by the defendants as undisputed and decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff. Id. at 2. The October 18, 2021 deadline has passed, and the plaintiff has not filed a response to the motion for summary judgment. The court will treat the motion as unopposed, accept the defendants' facts as undisputed and decide the motion without a response from the plaintiff.

  A. <u>Standard of Review</u>

  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u> <u>also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Ames v. Home Depot U.S.A., Inc.</u>, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." <u>See</u> <u>Anderson</u>, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

  B. <u>Facts</u>

  The defendants' unopposed proposed findings of fact indicate that the defendants provided appropriate care for the plaintiff's prosthesis-related complaints. Specifically, from December of 2018 through July of 2019, the plaintiff was seen on five different occasions by specialized outside providers to address the fit and comfort of his prosthetic. Dkt. No. 34 at ¶¶35, 39, 45, 61-65. Daily activities and movement of the leg may move the position of a prosthesis, which can require multiple adjustments for the best function and comfort for the individual. <u>Id.</u> at ¶16. Adjustments to a prosthesis are

individualized and may take several attempts to adjust to operate at the most beneficial level. Id. ¶17.

At the plaintiff's April 19, 2018 appointment with the prosthesis specialist, it was noted that he had gained weight, which added pressure on his prosthesis. Id. at ¶45. Further, only advanced care providers can refer inmates to off-site providers to receive specialist consultation and advanced treatments. Id. at ¶18.

The defendants responded in a timely manner to the plaintiff's requests for medical care and provided appropriate treatment within the standards of care. For example, from December of 2018 through July of 2019, the plaintiff submitted eleven health service requests for prosthesis-related issues. Id. at ¶¶23, 26, 33-34, 37-38, 46, 49, 53, 60. Green Bay medical staff, including the defendants, treated small wounds and provided topical antibiotics to avoid infection; provided various bandages for comfort; ordered crutches; obtained prosthesis liners; refilled and increased the plaintiff's pain medication; advised on how to mitigate pain while the plaintiff to see advanced care providers, and referred the plaintiff for a consultation to a physical medicine and rehabilitation specialist to address reported nerve pain, to evaluate his current functional status and to evaluate if a different type of prosthesis would be necessary. Id. at ¶¶26-27, 31, 39, 40, 48, 51-52, 55, 57-58. At none of the plaintiff's appointments with the defendants did he present acute symptoms and referrals to the advanced care providers were made whenever appropriate Id. at ¶¶29-30, 37, 41, 48, 51, 54.

On July 25, 2019, the plaintiff was seen by NovaCare for the replacement of his prosthesis. Dr. Schmidt noted that the fit and function were good. The

plaintiff received his new prosthesis the next day and Health Services Unit staff followed up regarding the fit and function. Id. at ¶¶64-65.

C.  Discussion

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment where he is deliberately indifferent "to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" Roe v. Elyea, 631 F.3d 843 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. Gayton v. McCoy, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." Id. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." Stallings v. Liping Zhang, 607 F. App'x 591, 593 (7th Cir. 2015) (quoting Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014)).

4

The defendants assume for the purposes of summary judgment that the plaintiff's prosthesis-related medical issues constitute an objectively serious medical condition. Dkt. No. 33 at 13-14. On the other hand, they contend that the plaintiff cannot satisfy the second prong of an Eighth Amendment claim because he cannot show that the defendants acted with deliberate indifference. Id. at 14-16.

The record shows that the plaintiff was provided with timely and appropriate medical care. The record does not support a finding that any defendant acted with deliberate indifference. The defendants did not ignore the plaintiff's complaints; they responded to them. The court will grant the defendants' motion for summary judgment and dismiss the case.

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 32.

The court **DISMISSES** this case. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of

the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of November, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**